RANDALL L.K.M. ROSENBERG #4847-0
CHARLES E. McKAY #3512-0
MOANA A. YOST #7738-0

GARCIA ROSENBERG & McKAY
737 Bishop Street
1675 Mauka Tower, Pacific Guardian Center
Honolulu, HI 96813
Telephone No.: (808) 536-4270
Facsimile No.: (808) 533-0434
E-Mail: GRMlaw@hawaii.rr.com

Attorneys for Plaintiffs
The Estate of Bernabe K. Santa Maria, deceased,
Edwin R. Santa Maria, Cresencia R. Santa Maria,
And Frances S.M. McCann

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 25 2007

at 3 o'clock and 52 min. PM
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THE ESTATE OF BERNABE K. SANTA MARIA, Deceased, by and through its Personal Representative, Edwin R. Santa Maria; EDWIN R. SANTA MARIA, Individually; CRESENCIA R. SANTA MARIA; and FRANCES McCANN;<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA and DEPARTMENT OF VETERANS AFFAIRS;<br><br>Defendants. | CIVIL NO. CV07-00043 HG BMK<br><br>COMPLAINT; SUMMONS |


## COMPLAINT

Comes now Plaintiffs The Estate of Bernabe K. Santa Maria, deceased, by and through its Personal Representative Edwin R. Santa Maria, Edwin R. Santa Maria, individually, Cresencia R. Santa Maria, and Frances S.M. McCann, (hereinafter "Plaintiffs"), by and through their attorneys, GARCIA ROSENBERG & McKAY, and for a Complaint against the above-captioned Defendants, hereby alleges, avers and affirms as follows:

1. Plaintiff The Estate of Bernabe K. Santa Maria, deceased, ("The Estate") has been duly created by operation of Hawaii law, and Plaintiff Edwin R. Santa Maria, ("Plaintiff Edwin"), the natural son of the decedent Bernabe K. Santa Maria, is the duly appointed Personal Representative of The Estate. Plaintiff Edwin is a resident of the County of Kauai, State of Hawaii, and brings claims against the above-named Defendants in his capacity as Personal Representative of The Estate and also in his individual capacity.

2. Plaintiff Cresencia R. Santa Maria is and at all times relevant was a resident of the City and County of Honolulu, State of Hawaii and the wife of decedent Bernabe K. Santa Maria.

3. Plaintiff Frances S.M. McCann is and at all times relevant was a resident of the State of New York and the natural daughter of decedent.

4. Defendant Department of Veteran Affairs ("VA") is a federal agency, and at all times relevant, provided medical care to the decedent through its employees.

5. Defendant United States of America is the sovereign Government and has consented, on its own behalf and on behalf of its agencies including Defendant VA, to be sued as a private individual in tort cases pursuant to the Federal Tort Claims Act, and Title 28 U.S.C. §2674.

6. Jurisdiction is asserted pursuant to Title 28, USC §1346, for civil actions where the United States is a defendant.

7. Venue is asserted pursuant to Title 28, USC §1391(e).

8. Plaintiffs have exhausted their administrative remedies in that (1) a timely administrative claim was filed with Defendant VA on December 20, 2005, (2) at least six months has elapsed since the filing of the administrative claim, and (3) Defendant VA has not issued a final denial or provided Plaintiffs with a notice of final agency action. Therefore, this lawsuit is timely filed.

## COUNT I – WRONGFUL DEATH

9. On or about October 30, 2003, 90 year old Bernabe K. Santa Maria, a war veteran of World War II, was hospitalized at Defendant VA's "Center for the Aging" located in Honolulu, Hawaii. As part of his medical care, Defendants' employees, including but not limited to the nursing staff, were

required to administer various medications to Mr. Santa Maria at scheduled times as ordered by the staff physicians.

10. On at least two occasions, on or about December 22, 2003, and December 25, 2003, Defendants' employees inadvertently administered to Mr. Santa Maria a 60 milligram dose of Diazepam, a powerful depressant, in place of his regularly scheduled 60 milligram dose of Diltiazem, prescribed to treat his hypertension.

11. Diazepam had not been ordered or prescribed by any physician for administration to Mr. Santa Maria on either date. The use of Diazepam was contraindicated for Mr. Santa Maria and the dosage given on each of the two occasions was approximately 30 times the recommended dosage for geriatric patients.

12. Mr. Santa Maria died on December 26, 2003 as a result of the Diazepam doses he was erroneously given by Defendants' employees.

13. The actions of Defendants' employees which resulted in the death of Mr. Santa Maria were wrongful within the meaning of Hawaii law, Hawaii Revised Statutes §663-3. Defendants are liable for the wrongful conduct of their employees pursuant to the doctrine of master-servant, respondeat superior, agency, and ostensible agency.

14. As a legal and proximate result of Defendants' wrongful conduct, Plaintiffs have sustained injuries and damages and are entitled to compensation for medical expenses, funeral and burial expenses, other pecuniary and out-of-pocket loss, conscious pain and suffering, severe emotional distress, the loss of consortium, comfort, affection, companionship, and society, the loss of marital care, attention, advice and counsel, the loss of parental care and attention, and other special and general damages allowed by law and HRS §663-3.

## COUNT II – NEGLIGENCE

15. Plaintiffs reallege, reaffirm, and incorporate specifically by reference herein the allegations set forth in paragraphs 1-14 above.

16. Defendants and Defendants' employees had a duty to exercise reasonable care in the treatment of Mr. Santa Maria. Defendants had a duty to adequately supervise Defendants' employees to prevent them from overdosing Defendants' patients including Mr. Santa Maria. Defendants had a duty to promulgate and utilize reasonable procedures and safety precautions to ensure that narcotics were not wrongfully dispensed to Defendants' patients including Mr. Santa Maria.

17. Defendants and Defendants' employees breached one or more of their duties of care, constituting negligence.

18. As a legal and proximate result of Defendants' negligence, Plaintiffs have sustained injuries and damages and are entitled to compensation for medical expenses, pecuniary loss and other out-of-pocket expenses, conscious pain and suffering, severe emotional distress and mental anguish, the loss of consortium, society, affection and companionship, and other special and general damages allowed by law.

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

19. Plaintiffs reallege, reaffirm, and incorporate specifically by reference herein the allegations set forth in paragraphs 1-18 above.

20. The conduct of Defendants and Defendants' employees constitutes negligent infliction of emotional distress.

21. As a legal and proximate result of Defendants' negligence, Plaintiffs have sustained injuries and damages and are entitled to compensation for medical expenses, pecuniary loss and other out-of-pocket expenses, conscious pain and suffering, severe emotional distress and mental anguish, the loss of consortium, society, affection and companionship, and other special and general damages allowed by law.

WHEREFORE, Plaintiff respectfully prays for relief against Defendants, jointly and severally, as follows:

    a.    That Plaintiffs be awarded special and general damages in amounts to be proven at trial;

    b.    That Plaintiff be awarded prejudgment and postjudgment interest;'

    c.    That Plaintiff be awarded her costs of litigation and attorneys' fees; and,

    d.    That Plaintiff have such additional and further relief deemed just and appropriate under the circumstances.

DATED: Honolulu, Hawaii, January 24, 2007.

_____
RANDALL L.K.M. ROSENBERG
CHARLES E. McKAY
MOANA A. YOST

Attorneys for Plaintiffs
The Estate of Bernabe K. Santa Maria, deceased, Edwin R. Santa Maria, Cresencia R. Santa Maria, and Frances S.M. McCann

# UNITED STATES DISTRICT COURT

District of Hawaii

THE ESTATE OF BERNABE K. SANTA
MARIA, Deceased, by and through
it Personal Representative, Edwin
R. Santa Maria; EDWIN R. SANTA
MARIA, individually; CRESENCIA R.
SANTA MARIA; and FRANCES McCANN;

            Plaintiffs

vs.

UNITED STATES OF AMERICA and
DEPARTMENT OF VETERANS AFFAIRS,

            Defendants.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)

ALL NAMED DEFENDANTS

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Randall L.K.M. Rosenberg #4847-0
Charles E. McKay #3512-0
Moana A. Yost #7738-0

Garcia Rosenberg & McKay
737 Bishop Street, 1675 Mauka Tower
Honolulu, HI 96813
Telephone No.: (808) 536-4270
Facsimile No.: (808) 533-0434

an answer to the complaint which is served on you with this summons, within ____60____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

SUE BEITIA

CLERK

(By) DEPUTY CLERK

JAN 2 5 2007

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

  Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
              Date                        *Signature of Server*

                            _____
                                    *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.